DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Fulton County Court, Western District, which found pro se defendant-appellant, George Geyer, guilty of speeding in violation of R.C. 4511.21(D), fined him $32 and ordered him to pay court costs. From that judgment, appellant raises the following assignments of error:
 "1. The court never read any charges against the Defendant.
 "2. The court never asked the Defendant if he was pleading Guilty or Not Guilty.
 "3. The court has failed to prove the defendant guilty beyond a reasonable doubt.
 "4. The court has failed to prove any charges against the defendant.
 "5. The court has failed to adequately protect the individual's rights.
 "6. The court did not allow the Defendant to ask pertinent questions to [sic] the prosecutor's witness.
"7. The Judge indicated he had a hearing problem.
 "8. The Judge showed bias because Defendant was not an attorney.
 "9. The Judge stated the Defendant was `Guilty,' but he never said what the Defendant was guilty of."
On March 24, 2000, appellant was cited by Trooper Jesus Reyes for driving eighty-one m.p.h. in a sixty-five m.p.h. speed zone. The citation indicated that appellant's speed had been determined through the use of a laser and notified appellant that he was to appear at the "Western District Court" on April 11, 2000. On April 10, 2000, appellant signed a waiver of his right to a speedy trial. Thereafter, he filed a written request for discovery and a written request that his trial date be on June 20, 2000.
On May 30, 2000, the case came before the lower court for trial at which appellant represented himself. Trooper Reyes testified that on March 24, 2000, at approximately 4:30 p.m., he had stationed his patrol vehicle at the mile thirty-one crossover on the Ohio Turnpike, in Fulton County, Ohio, when he noticed appellant's vehicle heading westbound at what appeared to be a high rate of speed. Trooper Reyes then pointed his LTI 20/20 laser at appellant's car, which was seven hundred fifty-seven feet east of the mile thirty-one crossover, and obtained a reading of eighty m.p.h.. Trooper Reyes then pointed the laser at appellant's vehicle a second time and obtained a reading of eighty-one m.p.h.. After appellant passed the mile thirty-one crossover, Trooper Reyes pulled out onto the turnpike, pulled in behind appellant and activated his overhead lights. Trooper Reyes then pulled appellant over, told him of the speed check and issued him the citation. Upon questioning by the prosecutor, Trooper Reyes stated that he had calibrated the laser at 3:10 p.m. and 7:40 p.m. on March 24, 2000, and that it was working properly. After cross-examining Trooper Reyes, appellant was given the opportunity to testify in his defense. Appellant explained that he was simply passing another vehicle and he did not believe that he was doing anything wrong. He then stated that he was willing to pay a fine but was concerned that, based on the conviction, the state of New Jersey would give him four points on his record and that those points would stay on his record for five years. The court then found appellant guilty of speeding and fined him $32 plus court costs. It is from that conviction and sentence that appellant now appeals.
In his first and second assignments of error, appellant asserts that the trial court erred by failing to conduct a formal arraignment prior to trial. Specifically, appellant argues that the court never read the charges against him and never obtained a plea from appellant.
Traf.R. 8(A) provides that "[w]here practicable, every defendant shall be arraigned before contested matters are taken up." Traf.R. 8(B) then reads:
 "Arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant shall be given a copy of the complaint, or shall acknowledge receipt thereof, before being called upon to plead and may in open court waive the reading of the complaint."
The record in this case reveals that appellant was never formally arraigned prior to his trial. As such, the trial court failed to comply with Traf.R. 8(A). Nevertheless, under the circumstances of this case, we find that appellant was not prejudiced by the trial court's failure to comply with Traf.R. 8(A) and that such failure amounted to harmless error. Appellant signed the citation which was issued to him and, thereby, acknowledged his receipt of the citation and knowledge of the charges against him. That citation ordered appellant to appear at the Fulton County Court, Western District, on April 11, 2000. Prior to this scheduled initial appearance, appellant signed and mailed to the court a request that his trial date be set for June 20, 2000. Appellant then signed a waiver of his right to a speedy trial and filed a written request for discovery. Under these circumstances, we find that appellant clearly demonstrated his intention to plead not guilty and to proceed to trial on the speeding charge. Accordingly, the first and second assignments of error are not well-taken.
In his third and fourth assignments of error, appellant contends that his conviction for speeding was against the manifest weight of the evidence. In evaluating a trial court's decision under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"Id., quoting State v, Martin (1983), 20 Ohio App.3d 172, 175.
Appellant was convicted of speeding in violation of R.C. 4511.21(D)(2) which provides that no person shall operate a motor vehicle upon a street or highway "[a]t a speed exceeding sixty-five miles per hour upon a freeway as provided in division (B)(12) of this section * * *." Trooper Reyes testified that using his laser he detected appellant driving at eighty-one m.p.h. in a sixty-five m.p.h. speed zone. Appellant did not successfully challenge this testimony and the court chose to believe Trooper Reyes. Accordingly, the conviction was not against the manifest weight of the evidence and the third and fourth assignments of error are not well-taken.
In his fifth, sixth, seventh and eighth assignments of error, appellant appears to argue that he was not given a fair trial because the court failed to adequately protect his rights, the court did not allow him to ask Trooper Reyes pertinent questions, the judge had a hearing problem and the judge was biased against him because he was not an attorney. We have thoroughly reviewed the transcript from the record below and fail to see how appellant was denied a fair trial. The court heard and considered appellant's motion to dismiss, allowed appellant ample opportunity to cross-examine Trooper Reyes and gave appellant great latitude in his questioning of Trooper Reyes. Although the court did occasionally limit appellant's questions, those limitations stopped appellant from asking irrelevant questions. As to the judge's hearing problem, while the judge acknowledged that he had a hearing problem, nothing in the record indicates that the problem interfered with his ability to review the case. Finally, regarding appellant's allegation of bias on the part of the trial judge, the record reveals that the court simply required appellant to ask relevant questions. Evid.R. 402 provides that only relevant evidence is admissible in a trial court proceeding.
Absent evidence to the contrary, a trial judge is presumed to be fair and impartial. In re Disqualification of Kilpatrick (1989),47 Ohio St.3d 605, 606. There is nothing in the record below that indicates the trial judge was anything but fair and impartial or that appellant was denied a fair trial. The fifth, sixth, seventh and eighth assignments of error are therefore not well-taken.
In his ninth assignment of error, appellant asserts that the trial court never told him of what he was being found guilty. The record reveals otherwise. At the conclusion of the trial, the court addressed appellant as follows:
 "THE COURT: Okay, the Court finds the defendant guilty. There'll be a fine of $32.00 plus court costs.
"That's all on this case.
 "DEFENDANT: I'm sorry, Your Honor. Can I ask you a question?
"THE COURT: Yes.
"DEFENDANT: I misunderstood what you meant by that.
 "THE COURT: Yes, the Court found you guilty. There'll be a find of $32.00 plus court costs. Just report —
 "DEFENDANT: Does that mean I'm guilty of the, of speeding?
 "THE COURT: Yes, just report to the ladies out at the counter."
Accordingly, the record reflects that the court found appellant guilty of speeding and that appellant understood that finding. The ninth assignment of error is therefore not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Fulton County Court, Western
District, is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J. CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE